FILED
2021 JUN 1 AM 7:35
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSE LEON JOHNSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>OMAR FLORES,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br><br>Case No. 2:20-cv-00532-JNP<br><br>District Judge Jill N. Parrish |

Plaintiff, Jose Leon Johnson, proceeds *in forma pauperis*, *see* 28 U.S.C.S. § 1915 (2021), in this *pro se* civil-rights suit, *see* 42 *id*. § 1983. The Court now screens Plaintiff's Complaint and concludes that it fails to state a claim upon which relief may be granted.

### A. Standard of Review

This Court shall dismiss claims in a complaint filed *in forma pauperis* that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 *id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an[other] opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is *pro se,* the Court construes his pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However,

"[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Analysis

Plaintiff asserts Defendant Flores violated his federal civil rights by stealing his property (i.e., jewelry) upon booking him after arrest. However, "a random and unauthorized deprivation of property under color of state law . . . does not give rise to a § 1983 claim if there is an adequate state post-conviction remedy." *Frazier v. Flores*, 571 F. App'x 673, 675 (10th Cir. 2014) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

Plaintiff's claim fits under this rubric: First, he has not alleged "his property was seized pursuant to a consistent policy and not just a random, unauthorized act." *Id.* at 676. Second, there could be no hearing (in keeping with due-process precepts) because "individual correctional officers' alleged practice of arbitrarily seizing inmates' property with scant justification is not the type of 'established state procedure' under which the state can 'predict precisely when the loss will occur' and thus provide a hearing beforehand." *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). Third, Plaintiff has not alleged that Utah does not have options for him to pursue a remedy for Defendant's alleged intentional torts or criminal behavior. *See Hudson*, 468 U.S. at 535-36.

Finally, Plaintiff's allegations that Defendant said bad things about him to Plaintiff's son and had an affair with Plaintiff's wife do not state federal civil-rights claims.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff has thirty days in which to **SHOW CAUSE** why his Complaint should not be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2021).

DATED June 1, 2021.

BY THE COURT:

JILL N. PARRISH
United States District Judge