FILED
2022 JAN 24 AM 8:17
CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JOSE LEON JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>OMAR FLORES,<br><br>    Defendant. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:20-cv-00532-JNP<br><br>District Judge Jill N. Parrish |

On June 1, 2021, the Court ordered Plaintiff to within thirty days show cause why the Complaint, (ECF No. 5), should not be dismissed with prejudice for failure to state a claim upon which relief may be granted. (ECF No. 13.) The Court set forth a detailed analysis explaining why each claim was invalid. (*Id.*)

Plaintiff responds that (a) he intended for Unified Police Department (UPD) to be a named defendant; (b) his action was also brought under 42 U.S.C.S. § 1985 (2021) ("Conspiracy to interfere with civil rights"), which was not addressed in the Court's Order to Show Cause, (ECF No. 13); and (c) Defendant Flores's theft of Plaintiff's property was "a criminal act." (ECF No. 16.) These arguments are to no avail.

First, Unified Police Department is not a suable entity. *See Burnett v. Reno Cty. Comm'n*, No. 18-3160-SAC, 2019 U.S. Dist. LEXIS 32844, at *6 (D. Kan. Mar. 1, 2019) ("Police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.") (quotation marks and citations omitted). And, if Plaintiff is implying that UPD may be liable as Defendant Flores's employer/supervisor, he should take note that Plaintiff

may not name an entity as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Second, the reason the Court did not address § 1985 is because, though it was checked as a basis for a cause of action, there were no allegations in the Complaint, (ECF No. 5), about a conspiracy. To state a conspiracy claim, Plaintiff "must specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). Plaintiff has done no such thing. He merely checked the box next to § 1985 and alleged his civil rights were breached apparently by two defendants. That multiple defendants were involved in breaching civil rights does not equal a conspiracy.

Finally, criminal conduct may not be remedied in a federal civil-rights complaint.

The analysis in the Order to Show Cause stands. (ECF No. 13.) Based on that analysis, IT IS ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2021).

DATED January 24, 2022.

BY THE COURT:

JILL N. PARRISH
United States District Judge